Sanborn v. City of Wichita.

---

NANCY L. SANBORN, *Appellee*, v. THE CITY OF WICHITA, *Appellant*.

No. 17,964.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Personal Injuries—Findings—Verdict—Judgment.* In an action wherein the evidence fairly tends to support the findings and verdict, which are approved by the court, and judgment is rendered in accordance therewith, the judgment will not be reversed in this court on the ground of the insufficiency of the evidence.

Appeal from Sedgwick district court, division No. 1. Opinion filed February 8, 1913. Affirmed.

*Earl Blake, Jean Madalene, S. B. Amidon,* and *B. F. Hegler,* all of Wichita, for the appellant.

*Adams & Adams,* of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee brought this action against the city of Wichita to recover damages for personal injuries alleged to have been received by her in stepping upon a loose brick at a point where she stepped off the sidewalk to cross an intersecting street. She alleged that loose bricks and parts of bricks were scattered upon the walk and street where she was re-

quired to step in pursuing her journey; that such bricks and parts of bricks had been negligently left upon the street by the city, its agents and employees; that stepping upon such brick caused her to fall and caused her injuries, which she details and which she says were caused by the negligence of the city, to her damage in the sum of $5000.

The city denied generally the allegations of the petition and alleged in answer that at the time and place charged the plaintiff was guilty of contributory negligence and that her injuries, if any, were caused thereby.

After a somewhat protracted trial the jury returned a general verdict in favor of the plaintiff for $5000 damages, and also answered numerous special questions, involving her cause of action and defense, all favorably to the appellee.

The appellant moved the court to set aside the verdict and grant a new trial, which motion was overruled and an appeal duly taken.

Several grounds of error were assigned in the motion for a new trial, but only one ground seems to be specifically urged in the brief of appellant, viz:

"The District Court erred in refusing to sustain defendant's motion for a new trial on the ground that the verdict and the amount thereof are wholly unsupported by the evidence and are the result of passion and prejudice."

It is especially urged that the amount of damages allowed is excessive. Two physicians testified that the thigh bone was broken near the hip joint and the bones had never reunited and the injury was permanent. One of the physicians testified that he had replaced the fracture and bandaged it; that he saw it every day for two months; that the effect of a hip fracture is a great deal of pain and suffering and loss of appetite, and a debilitated condition of the whole system; that he took

care of her for two months; that she was able to move about some when he left—she was not able to walk.

In short, after a fair trial, the evidence fairly supported the findings and verdict which were approved by the court in overruling the motion for a new trial and rendering judgment thereon. It has been repeatedly held by this court that in such a case the judgment will not be reversed on the ground that the evidence is insufficient.

The judgment is affirmed.